SUMMARY ORDER

Petitioner Shi Xiong Hu, a native and citizen of China, seeks review of the August 18, 2008 order of the BIA affirming the October 19, 2006 decision of Immigration Judge (“U”) Helen J. Sichel denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Shi Xiong Hu, No. A097 332 393 (B.I.A. Aug. 18, 2008), aff'g No. A097 332 393 (Immig. Ct. N.Y. City Oct. 19, 2006). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA affirms the IJ’s decision in some respects but not others, this Court reviews the IJ’s decision as modified by the BIA decision, i.e., minus the arguments for denying relief that were rejected by the BIA. See Xue Hong Yang v. U.S. Dep’t of Justice, 426 F.3d 520, 522 (2d Cir.2005). We review the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *43 see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). We review de novo questions of law and the application of law to undisputed fact. See Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
An applicant’s credible testimony alone may suffice to carry his burden of proof in establishing eligibility for asylum. 8 U.S.C. § 1158(b)(l)(B)(ii); see also Diallo v. INS, 232 F.3d 279, 285-86 (2d Cir.2000). In this case, however, the agency denied relief on the grounds that Hu failed to provide reasonably available corroborative evidence concerning material elements of his claim, and that the evidence that he did submit was insufficient to sustain his burden. Under the REAL ID Act amendments, which apply to Hu’s application for relief, Matter of S-B-, 24 I. & N. Dec. 42, 45 (B.I.A.2006), “[w]here the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence.” 8 U.S.C. § 1158(b)(l)(B)(ii). “No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence ... unless the court finds ... that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable.” 8 U.S.C. § 1252(b)(4).
Here, substantial evidence supports the agency’s conclusion that Hu failed to present sufficient corroboration. As the agency found, Hu failed to provide any documentary evidence to corroborate his assertion that he had been beaten during his detention. Although Hu testified that he told his father and friend that he had been beaten, letters from them omitted any mention of the beating. While Hu offered an explanation for this omission, no reasonable factfinder would have been compelled to accept it. See Kyaw Zwar Tun v. INS, 445 F.3d 554, 568-69 (2d Cir.2006); Ming Shi Xue v. BIA, 439 F.3d 111, 126 (2d Cir.2006).
The agency also cited the absence of testimony from Hu’s pastor, who could have corroborated Hu’s claim that he regularly attended a Christian church in the U.S. Hu’s discrepant explanations for the absence of such testimony were not compelling. See Kyaw Zwar Tun, 445 F.3d at 568-69. Ming Shi Xue, 439 F.3d at 126. Under these circumstances, the agency committed no error in concluding that Hu failed to meet his burden of proof for asylum.
Since Hu’s application for asylum, withholding of removal, and CAT relief, were based upon the same factual predicate the agency reasonably denied all three claims. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).